Can we call the next one? 16-2746, Darren Mareskas-Palcek v. Schwartz, Wolf & Bernstein, LLP Good morning, all. Could the attorneys approach, please? Attorney for Darren Mareskas-Palcek. Good morning, Your Honor. Thomas Boucher, Sabina Walsh, on behalf of the plaintiff appellant, GOCH and WALCDK. And who's going to be arguing? I'm sorry? I'm arguing. You're arguing? Yes, ma'am. And we normally get 15 minutes. Did you want to reserve for a rebuttal? Ma'am, I'm sorry. You know, I was nervous enough this morning I left my hearing aids on my dresser. My children tell me I'm very loud, so I will. No problem. Do you want to reserve time for a rebuttal? Yes, ma'am. About five minutes. Great. All right. Counsel? My Honor, Gary Jansen, J-A-N-S-E-N, on behalf of the defendants, Schwartz, Wolf, Bernstein, and Mark Schwartz. All right. Thank you, Mr. Jansen. We'll give you 15 minutes as well. That's fine, Your Honor. All right. Mr. Boucher, do you want to proceed? Thank you, Your Honor. May it please the Court, Your Honor, we come here on appeal from a dismissal of the trial court of our First Amendment complaint. We brought suit against an attorney and his fellow Mark Schwartz, Schwartz, Wolf, and Biermann on two theories under the First Amendment complaint. One, a breach of fiduciary duty, and two, for conversion. Let me ask you this. Why didn't you set up an estate like everybody else does and sue that way? We were not in the power to do that, Your Honor. We were – Darren is the son of the decedent. David was her ex-husband. He was not named as the executor under the will, but he is the trustee of a special needs trust for a child departed, a child that was challenged. He did not have the ability to create an estate. I believe an estate was created, and the executor… Couldn't the estate be the party in interest? If the estate had proceeded with this action, they could have been, but they chose not to. They still can, can't they? They could have. They chose to, but as far as I know, the executrix has chosen not to. Okay. So that kind of explains why you did what you did. Yes, sir. Is time gone for that too? Now… I'm sorry, ma'am. Is the time gone? There is a limitation for the claims. I would think the statute of limitations on legal malpractice under the executrix's ability has passed, yes. The action took place in 2013. I'm not talking about legal malpractice. I'm talking about the conversion and the breach of fiduciary duty. Breach of fiduciary duty comes under a legal malpractice theory, I believe, and it's still governed by the two-year statute. The time has passed for the estate to do either. But we maintain that because of the nature of the relationship of the children, both Darren as an adult child and David in his capacity, the ex-husband as a trustee of an estate that they both established back in 1993 for this child, they had the capacity to bring this. We believe that the real estate closing that took place is really not unlike the creation of a will or a trust that intended beneficiaries of the corpus of those proceeds are entitled to bring this action. We maintain, first off, that real estate transactions shouldn't have occurred, and we plug that, that the power of attorney was void. I mean, you can't have a power of attorney existing after that. Yeah, but that's not really the issue here is standard. You know, you can argue all you want that the real estate transaction should not have gone forward, but unless there's a relationship that gives the party standing to sue, it really doesn't matter how horrendous that act was that a closing took place when the woman who was trying to sell her property was dead. Yes. I mean, we know what happened. That money was directly for the benefit of both Darren as mayor and the special needs trust for the other child. Yes. And when the attorney chose, the attorney had a duty to make sure that money went where it was supposed to go, not to use it in his own personal piggy bank and just take extra money. Now, whether or not he was doing another $20,000 for the real estate transaction or some other file isn't before the court. We allege that that money had no right to take it. If he was owed something, he should have filed a claim with the public court. Yeah, but here's the problem with your argument right off the bat. All of these claims belong to the estate of the decedent. Your Honor, I can't disagree with that statement. However, the beneficiaries who got that, who would do all of that money for that real estate closing through the estate as to David, but directly through the trust to the beneficiaries, to the trustee, are these two people. No, it still centralizes from the estate. That's the problem. I understand what you're saying. You understand that, you know, there are some times where a judge sits and hears something that is wrong, but you still have to be able to get there the right way. And the only cause of action is always in the estate. You can't give me a case that could support you. But is there more than one way to get there? One way would be to have the estate. Well, right now, under the law, there isn't. You want us to write a way that say, hey, under these circumstances, we're going to change all the existing law in Illinois because of this fact. I mean, that's what you're really asking us to do. Respectfully, no. What I'm suggesting to you is that the line of cases that allow a direct beneficiary to sue a lawyer who did not have an attorney-applying privilege should be applied to this case. Well, there's no case that would support it under these facts. You see, that's the problem. I don't think there's ever been a case where an attorney did something like this. Why wouldn't the estate pursue this? You said the estate made a decision not to pursue this. Why? I have no idea, ma'am. I have nothing to do with the representation. Well, then how do you know that they made a decision not to do anything? Because they chose to do it. Nothing was done. They certainly knew about it. They had to have known about it because they ultimately received the documents from the real estate folks. But the only people who were destined to get that money was the trustee and Derek. Yeah, but here's the process. Saying that everything that you say is true. Taking everything that you say is true. If somebody sets up an estate and one of the beneficiaries of the estate is going to be harmed because the estate doesn't want to bring an action, you can get the probate court to force them to sue. And that's done under an estate proceeding. It's not done any other way, at least not to this point in time. Is there an action against the estate? No. Mainly because we're waiting for this proceeding to finish. Could there be, I guess, the executrixes? Yeah. Yeah, I think there is. Who are the executrixes? I believe they are sisters of the decedent or some type of relative of the decedent. I suspect that there is not a great deal of love, and outside the record, I suspect there's not a great deal of love between David Paulsek and the sisters of the decedent. But understand, David Paulsek, all he's done is spend some money trying to get the money for his children. He doesn't get any of this. He could have filed an adverse proceeding against the estate, and in his adverse proceeding he could have got the authority to bring this action, and that's what is normally done in the probate court of Cook County. We could have done that, yes, Your Honor. But you see, you didn't do that. You did a direct action, and you want us to write here that that's okay. This would be the first case of impression on that particular thing. There has to be one somewhere. I'm not trying to be flippant, but seriously, we believe it falls within the basic concept of someone who is a direct beneficiary of the actions of an attorney can then sue that attorney. And we believe that both Darian and – What case says that? I'm sorry, ma'am? What case says that? We cited – I'm not a parabenic. We cited, well, Griceheimer. Powell v. Griceheimer was the first case that said if you're a direct beneficiary of the actions of an attorney representing another client who you have an attorney-client relationship, you can maintain a cause of action. In that case and in all the other cases, those are situations where there was no estate. Yes, Your Honor. See, there was no estate in those cases, and there was no deceit in those cases. So it's a whole different ballgame. Then taking your position, Justice Gordon – Well, that's the law. I'm not taking a position. I'm listening. I'm listening to you, and I'm playing the devil's advocate. I'm trying to say there is nothing under the law that says that the estate is the only person that can do this, okay? The only legal person. You are asking us to change that, really. That's what you're doing here. That's part of it. Darian was a regatee and an heir to the estate. However, the trust got their money directly. But the trust is a beneficiary of the estate. And once you're a beneficiary, whether you be a trust, whether you be an individual, whether you be any legal entity, it's still the estate who is the appropriate party under the existing law. The whole purpose of the creation of the trust was for them to be able to put their assets into it directly and not through a probate proceeding. No, that's true, but that has nothing to do with this issue here. Except that if the assets fall directly from the trust or from the real estate transaction to the trustee, it didn't go through probate. Those assets were not subject to probate. At the instant of death, that house became an asset of the trust. I think you're incorrect. At the time of the death, it became part of the decedent's estate. Because in order for it to do what you are saying, then the title of the home had to be in that trust. Unless the trust provided it. No, it wasn't in that particular trust. See, that's the problem. We thought that the trust was a direct beneficiary of that real estate transaction. We've never gotten a point of fact. But it is incorrect because that's why today you will see that close to 30 to 40 percent of all properties lately are being thrown into trusts to avoid probate. The title of the property goes into the trust. Here, the title of the property was in the name of the decedent. That's the difference. Unfortunately, we never got to those factual questions. Rather than construing everything I've said in the First Amendment complaint as true for the purposes of the motion, the trial court evidently chose to make some of those conclusions. And we never had the opportunity to show exactly what the trust documents said. You see, but it won't make a difference what the trust document says if the title to the home was in the name of the decedent. The title would have had to have been in the name of the trust for that to occur. All those cases that you are talking about, the title is always in the name of the trust. It was the trust provided at the instant of death, the transfer of the hard assets, all the financial assets. And we just don't have that answer because we were never allowed to proceed factually. And all I'm suggesting to you is that we should have that opportunity. But she dismissed this basically on two grounds, didn't she? More likely under the 2619 for lack of stamping, which isn't a permanent matter that would defeat it. And how do you answer Justice Gordon's question that this property was not held in the name of the trust? The real estate was held in the name of the decedent. Isn't that correct? As far as I know, that's correct. How can you change that with a plea? Because the only thing I can find is the rest of the statement. I haven't seen the chain of title. She died the day before the real estate closing. There's no question the closing never should have taken place. There was no power to conduct that real estate closing. That's true, but that again is a cause of action that belongs to the estate. And it may be that their wrongful refusal of the executrixes is going to be the next round of litigation. But I think it could be handled this way as well. And I suppose that's part of what you're saying applies to the conversion count as well. It applies to all counts. I don't believe an attorney should be able to do such a thing. But that's besides the point. That's not the issue before us. The issue before us is one of standing. We have to look at standing first. We have to look at our jurisdiction and what our power is. If an attorney makes a mistake in creating a will, and the executrix or executor, as the case may be, chooses not to sue that attorney for that mistake, the beneficiary has a right to do it. No, the beneficiary has a right to bring an adverse proceeding in the probate court. That's why we have adverse proceedings. But under all of these cases, sir, that we've cited, McCrae v. Russell is another one. That wasn't a probate proceeding. That was a beneficiary who went after the attorney. But the beneficiary in that case was not a beneficiary of an estate. That's the difference. See, that's the difference. If you're dealing only with a trust and the trust is in the name of the property, you are 100 percent right. But here it wasn't. In McCrae v. Russell, Your Honor, that was a farm down in Bureau County, a two-sister building. They owned it in joint tenancy. The attorney wrote a will that said, on behalf of one of the two sisters, that said at the time of her death, we'll have a life estate for the farm tenant and then it will go to, I think, their child upon their death. They were direct beneficiaries of that will, but the attorney forgot to break the joint tenancy. So, I mean, it was a will who then took the property and gave it to the cousins of the decedent, to the deprival of the primary beneficiaries, the McCrae family. So they sued, not in probate. They filed a rule of malpractice case against the attorney because they were beneficiaries. They were going to get the benefit of the money. And they did it and they recovered several hundred thousand dollars. And that's what we base this case on. No, that case is totally distinguishable from this case at hand. Well, Mr. Gooch, I want you to reserve some of your time for rebuttal.  Thank you, ma'am. Mr. Jansen. Let's start out with a real easy one, Mr. Jansen. Yes, ma'am. Do you agree that the estate would have had an action against the firm that conducted a real estate transaction without a power of attorney? I would agree that they are the party that would have standing, whether they have a cause of action. Well, would you agree that the power of attorney in this case did not carry over to the next day when she died? Agree. I agree with that, ma'am. So would you then agree that when the real estate transaction took place, when there was no power of attorney, that there was a breach of the attorney-client relationship, a breach of fiduciary duty, and a conversion action? Well, those are fact issues that we do have defenses to, but we never... But it was owed for some other... Exactly. We never got to the fact issues. But there was no power of attorney to act that day, was there? The power of attorney had no effect because she had died the next morning. So there was no authority, no power to act and take place, have this real estate transaction actually go forward when the owner of the property was dead? I'd agree with that. The power of attorney was of no effect on the morning of the closing. But it went forward anyway. Correct. And, of course, the beneficiaries could ratify that act at any time, or the estate could do that. Right. Right. And I don't know what happened. Again, these are facts, and we don't know why the executors or the administrators of the estate chose not to pursue the cause of action. That's an open issue. But clearly, based on the online cases we've cited, there was no standing here. The two clients we have, Darren West Paulsik was a beneficiary, David Paulsik was a trustee of his daughter's trust, but not the trustee of the decedent's trust. So under both situations, both plaintiffs, neither one has standing to pursue this action. And Plaintiff hasn't pointed out anything differently, and the complaint does not attach or even quote or cite the will or the trust of the decedent. So when they say these are the terms or we would have been missed, I don't know that that property would have passed to the trust. We don't know that. The terms aren't in there. But one way or another, they still haven't established the standing they need to bring the actions. And secondly to that, I don't know if Your Honors would like me to discuss the conversion and duty under the breach of fiduciary duty issues as well, because Mr. Gooch referred to the fact that these were intended beneficiaries. Well, in fact, my clients were not retained to draft any estate planning documents. They were retained to handle the closing of a real estate home, which is different than all the cases that are cited in the briefs. Those were cases where the defendant attorneys had been retained to represent the decedents with respect to the drafting of a will or a trust, and then the non-client third-party plaintiffs said we were the intended beneficiaries of the actions of the attorney-client representation. That's not the situation here. Here the situation is more akin to the gale. Or in the other cases we cite where an attorney is retained to represent the client with respect to a divorce case, a personal injury case, a corporate, a Chapter 11. In all those cases, the court said they were not intended beneficiaries of the work that the attorney was doing because he wasn't doing anything related to estate planning in these situations. So for that reason... Is there any case that would permit an attorney to conduct a real estate transaction when there was no client? No, I'm not saying there's a case that permitted that action. What I'm saying is there's no standing. What I'm saying is we don't have the right parties here to allege that. They are not intended beneficiaries in the handling of a real estate closing. They couldn't possibly be. They were not the primary or direct benefits under the Pelham case. And secondly, with respect to the conversion case, we've pointed out they haven't established three of the four elements, even from a pleading standpoint. But that, very simply, we can just take the last of the elements, which was the demand for possession, where a client has never made a demand for possession or return of their property, which is one of the elements of a conversion claim. And the client's response to that is our original complaint suffices as a demand for return of the property. But, in fact, the cases say the whole object of the requirement for demand of possession is it gives the defendant the takeover of the property, the opportunity to return the property before they are incurring expenses of litigation. So by virtue of those cases, the demand for possession has to be made prior to the filing of suit. Here it was never made. The complaint that was filed in this case was the first demand upon the defendant for the return of the real estate funds. So unless Your Honors have any other questions, I would just say that based on the court's order that was entered in here, there is obviously you can affirm based on any of those grounds, the standing, the lack of a conversion claim properly pled, and the lack of pleading of facts to establish a duty based on the attorney-client representation. I would say that any of those three basis are fine to affirm a trial court's decision. Thank you, Mr. Chancellor. Thank you, Your Honors. Mr. Gooch? I understand, Justice Gordon, what you're saying in the probate court, but I would suggest to you that we cited the estate of Zivit, Pellon Reichheimer, of course, Ogle v. Fooden, and McLean v. Russell,  that did not go through the probate procedure to sue an attorney who had deprived them of the money they should have gotten. And we're suggesting that under these circumstances, the real estate transaction is no different, that we should have the same run that all these beneficiaries had to bring an action directly against the attorney without involving the estate or the executrix or executor, as the case may be. And that's all we're seeking here. What I'm saying to you is, unfortunately, in those four cases that you're citing, none of those trusts were beneficiaries of the estate. And that's the problem that I see here. You know, sometimes to get a just result, you try to pick the blocks and you want to move them this way and you want to move them that way, but you're presenting a problem that there is no existing law to support what you are saying. That's the problem. I agree, you know, that there should be, maybe. Maybe there should be. And maybe you have to expand the law. I'm not saying no. Maybe we do. Maybe we do. Maybe, you know, back in 1982, when I was a much younger lawyer, when Greisheimer came down around Greisheimer's situation, that was the first. I mean, before then, if you didn't have an attorney-client relationship, you didn't sue a lawyer. Back in 1982, you didn't sue a lawyer in general. But it's developed. And Greisheimer made very strict requirements. But the next couple of cases kind of broadened that out. And it continues to broaden it out because it's a developing field. I mean, we never had trusts back. You know, back in the early 80s, I think that's when the loving trusts and all that got started. It used to be you just got a will. Maybe you had a marital AV trust, as the guys that did that stuff used to call it. But you didn't have all these special needs trusts and everything else, and now you do. So maybe the law should develop along these lines to give these people redress because what chance do they have if an executive just says, no, I'm not interested? Are we just going to throw the money away? Now, let some lawyer take it. That's not right. This is the sort of thing that makes the American public hate us. There's absolutely no excuse for this kind of behavior. And the law should provide a remedy. It shouldn't be limited to just what an executive decides to do, particularly where a special needs trust is involved. Thank you. Thank you, Mr. Gooch. We'll take a matter under advisement. Issue an amendment.